UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

VICTOR M. MERCADO and SERGIO A. LOVERA,

                Plaintiffs,

                -against-

CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT,

                Defendants.
------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: February 18, 2014

13 Civ. 389 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

      Plaintiffs Victor M. Mercado ("Mercado") and Sergio A. Lovera ("Lovera") (collectively, "Plaintiffs"), who are of Hispanic origin, claim that Defendants City of New York and the New York City Police Department ("NYPD") (collectively, "Defendants") denied promotions to them based on their race, color, and national origin in violation of the Fourteenth Amendment, 42 U.S.C. §§ 1981 and 1983, and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"). Defendants move to dismiss the action for failure to state a cause of action and for being untimely. The Court GRANTS Defendants' motion to dismiss.

## BACKGROUND

      Mercado and Lovera are veteran detectives in the 52 Precinct Detective Squad (the "Squad") of the NYPD; Mercado has 19 years experience and Lovera 22 years. (Amended Complaint ("Compl.") ¶¶ 4-5.) On or about 2001, Mercado was assigned to the Squad's facility on Webster Avenue the Bronx as a detective investigator. (*Id.* ¶ 8.) He was promoted to 3rd grade detective in 2003. (*Id.* ¶ 10.) On or about 2006, Lovera was assigned to the same facility as a 3rd grade detective. (*Id.* ¶ 21.) Both detectives handle high profile cases and had good arrest records, conviction rates, and case clearance. (*Id.* ¶¶ 9, 22.)

1

Despite their performances, both men were repeatedly denied promotions to 2nd grade detectives.  Mercado has been denied promotion "since November 2008, but more particularly between January 17, 2010 and December 2011," (*id.* ¶ 11), and Lovera "since January 17, 2013, more particularly on December 22, 2011, (*id.* ¶ 23).  The NYPD gave different excuses each time, such as Plaintiffs' general seniority, time in rank, merit, or case clearance record.  (*Id.* ¶¶ 12, 26.)  Other less qualified detectives who were not of Hispanic origin were promoted instead. (*Id.* ¶¶ 13-14, 27-28.)  As a result, Plaintiffs lost back wages, including fringe benefits.  (*Id.* ¶¶ 19, 32.)

On January 17, 2013, Plaintiffs filed their complaint against Defendants.  On May 15, 2013, the Court granted Plaintiffs leave to file an amended complaint.  Plaintiffs filed their amended complaint on June 28, 2013 and asserted three claims for discrimination and one, with respect to Mercado, for retaliation.  (*Id.* ¶¶ 34-37.)  Defendants move to dismiss the amended complaint for failure to state a claim and as partially time-barred.  (*See* Defendant's Memorandum of Law in Support Motion to Dismiss at 1-2.)

## DISCUSSION

### I.     Plaintiffs' § 1981 Claims Are Duplicative of Their § 1983 Claims

As an initial matter, Plaintiffs' § 1981 claims are dismissed.  "[T]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units . . . ." *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 733 (1989).  Therefore, "[Plaintiffs'] § 1981 claims are encompassed by [their] § 1983 claims, and both are therefore analyzed under § 1983." *Gladwin v. Pozzi,* 403 F. App'x 603, 605 (2d Cir. 2010) (summary order).

## II.     Plaintiffs Fail To State a Claim

Federal Rule of Civil Procedure 12(b)(6) requires Plaintiff to "provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court accepts as true all well-pleaded factual allegations and draws all inferences in Plaintiff's favor. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006).  In evaluating a motion to dismiss, the Court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [he] relied in bringing the suit." *ATSI*, 493 F.3d at 98.[1]

### A.     Discrimination Claims

In each discrimination claim, Plaintiffs allege that they were qualified, but were repeatedly denied promotions while four less qualified non-Hispanic detectives received promotions.[2]  To state a prima facie case of discrimination, plaintiffs must allege that (1) they

---

[1] In opposing the motion to dismiss, Plaintiffs cite to two irrelevant standards of law:  the standard on a motion for summary judgment and the pre-*Twombly* standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957).  (*See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp'n") at 3.)  Although this substantially vitiates Plaintiffs' arguments, the Court independently evaluates the merits of Defendants' motion to dismiss.

[2] Plaintiffs' first cause of action is based on a denial of "equal employment opportunity" and third cause of action based on "disparate treatment in the promotion, benefits and disciplinary process," (*see* Compl. ¶¶ 34, 36), but Plaintiffs allege facts only regarding the promotion process.  As a result, the Court considers promotion the only alleged discriminatory act.

belonged to a protected class; (2) they are qualified for the position held; (3) they suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.  *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (Title VII); *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010) (§ 1983).  Defendants argue that Plaintiffs have not alleged sufficient facts to demonstrate that they were denied promotions under circumstances giving rise to an inference of discriminatory intent.  The Court agrees.

      Plaintiffs offer no facts from which the Court can reasonably infer that the four detectives were promoted over Plaintiffs due to their race, national origin, or age.  To support an inference of discrimination, a plaintiff must plausibly allege the existence of others who were more favorably treated despite being "similarly situated to the plaintiff 'in all material respects.'"  *See Ruiz*, 609 F.3d at 493-94 (quoting *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997)).  Whether individuals are "similarly situated" depends on whether they are "subject to the same performance evaluation and discipline standards and . . . engaged in comparable conduct."  *Id.* (internal quotations omitted).  Here, Plaintiffs identify four "less qualified" individuals who were promoted and are not of Hispanic origin.  (*See* Compl. ¶¶ 13-14, 27-28.)  But the complaint lacks any facts suggesting that these detectives were similarly situated to Plaintiffs.  Furthermore, the allegations that the other detectives were "less qualified" or were promoted due to their race are conclusory and unsupported by any facts in the complaint.  *See, e.g.*, *Delgado v. Triborough Bridge and Tunnel Auth.*, 485 F. Supp. 2d 453, 463 (S.D.N.Y. Apr. 26, 2007) (holding that plaintiff must plead "more detailed claims, descriptions of events, or circumstances surrounding the alleged discrimination").

Moreover, Plaintiffs fail to allege any facts that suggest Defendants had a discriminatory reason for not promoting them. Instead, Plaintiffs allege that each time they were denied a promotion, the NYPD cited factors such as rank, merit, or case clearance. (Compl. ¶¶ 12, 26.) Although Plaintiffs allege that "[t]hese excuses were false since [they were] qualified under these standards," (*id.*), they offer no facts in support of that claim. While Plaintiffs are not required to prove discrimination at this stage, they are required "to allege some facts—not mere conclusions—plausibly suggesting that the decision to pass [them] over for the promotion . . . was made because of [their] race." *See Hussey v. N.Y. Dep't of Law*, 933 F. Supp. 2d 399, 407 (E.D.N.Y. 2013). Because Plaintiffs have pleaded no facts in support of the claims, they have failed to state a claim for discrimination and the claims must be dismissed. *See id.* (dismissing discrimination case for failure to state a claim when the employer cited the plaintiff's writing as grounds for not promoting her and plaintiff provided no facts suggesting otherwise).

B. **Retaliation Claims**

Mercado claims that Defendants retaliated against him for his complaints about discrimination and a hostile work environment by failing to promote him, treating him disparately in the disciplinary process, and involuntarily transferring him. Mercado must allege the following to state a claim for retaliation: (1) he was engaged in a protected activity, (2) Defendants knew of the protected activity, (3) the Defendants took adverse employment actions against him, and (4) a causal connection between the protected activity and the adverse action. *See Paulino v. N.Y. Printing Pressman's Union, Local Two*, 301 Fed. App'x 34, 37 (2d Cir. 2008). Mercado fails to sufficiently allege any of the required elements for a retaliation claim.

The complaint contains no factual allegations regarding Mercado's protected activity or whether Defendants knew about this activity. Mercado submitted an Intake Questionnaire to the

EEOC on March 30, 2012 and the NYPD was informed of this on April 30, 2012. There is no indication that EEOC charges were ever filed. (*See* Def.'s Mot. at 16; Declaration of Keri R. McNally, Exs. C-D.) Even if the Intake Questionnaire did constitute protected activity and Mercado alleged this activity in the complaint, there are no allegations of an adverse employment action or causal connection. There is one allegation, but it does not come close: the Unit C.O. refused to approve an out of town trip to apprehend a homicide suspect following Mercado's filing of charges. (*See* Pl.'s Opp'n at 6 (citing Compl. ¶ 18).) The NYPD learned of Mercado's filing on April 30, 2012—but this is almost a year *after* the alleged retaliatory act. Furthermore, to constitute an adverse employment action, the act "must be harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Sante Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Failure to approve an out of town trip simply is not such an act. The retaliation allegations fail to fulfill any of the elements necessary to maintain this claim.

### III.   Plaintiffs' Claims are Partially Time-Barred

Plaintiffs' claims must also be dismissed because they are partially time-barred. Plaintiffs' Title VII claims are timely only if they filed a charge with the EEOC or a qualified state or local agency within 300 days after the alleged unlawful employment actions. *See* 42 U.S.C. § 2000e-5(e)(1). Here, assuming that the Intake Questionnaire constitutes a charge, Mercado can only maintain Title VII claims for conduct that occurred 300 days before March 30, 2012, or after June 4, 2011. As a result, Mercado's claims for any promotion denials that occurred before this date, (*see* Compl. ¶ 11), must be dismissed. Furthermore, § 1983 claims are subject to a three-year statute of limitations. Since Plaintiffs' complaint was brought on January

17, 2013, all alleged acts of discrimination must have occurred prior to January 17, 2010. Thus, Plaintiffs' § 1983 claims for conduct occurring before this date must also be dismissed.

## CONCLUSION

Accordingly, the Court GRANTS the Defendants' motion to dismiss and the Plaintiffs' claims are hereby dismissed without prejudice. The Clerk of Court is directed to enter judgment in favor of Defendants and to close the case.

Dated: New York, New York
       February 14, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
VICTOR M. MERCADO and SERGIO A.          :
LOVERA,                                  :
                                         :
                    Plaintiffs,          :
                                         :   13 Civ. 389 (PAC)
           -against-                     :
                                         :   OPINION & ORDER
                                         :
CITY OF NEW YORK and the NEW YORK        :
CITY POLICE DEPARTMENT,                  :
                                         :
                    Defendants.          :
-------------------------------------------------------------x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Victor M. Mercado ("Mercado") and Sergio A. Lovera ("Lovera") (collectively, "Plaintiffs"), who are of Hispanic origin, claim that Defendants City of New York and the New York City Police Department ("NYPD") (collectively, "Defendants") denied promotions to them based on their race, color, and national origin in violation of the Fourteenth Amendment, 42 U.S.C. §§ 1981 and 1983, and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"). Defendants move to dismiss the action for failure to state a cause of action and for being untimely. The Court GRANTS Defendants' motion to dismiss.

## BACKGROUND

Mercado and Lovera are veteran detectives in the 52 Precinct Detective Squad (the "Squad") of the NYPD; Mercado has 19 years experience and Lovera 22 years. (Amended Complaint ("Compl.") ¶¶ 4-5.) On or about 2001, Mercado was assigned to the Squad's facility on Webster Avenue the Bronx as a detective investigator. (Id. ¶ 8.) He was promoted to 3rd grade detective in 2003. (Id. ¶ 10.) On or about 2006, Lovera was assigned to the same facility as a 3rd grade detective. (Id. ¶ 21.) Both detectives handle high profile cases and had good arrest records, conviction rates, and case clearance. (Id. ¶¶ 9, 22.)

1